Curia, per Wardlaw, J.
The following extracts from Story on Agency contain propositions which are well sustained by authority.
“ When an agent makes a contract as agent, and at the same time names his principal; in other words, when in *216 making the contract credit is given exclusively to his princi-pa]j js not personally liable.”
“ A person contracting as agent will be personally.,liable, whether he is known to be an agent or not, in all cases when he makes the contract in his own name, or voluntarily incurs a personal responsibility either express or implied ; wherever from the form of the transaction he has become a direct personal party to the contract.” ...
“ If the terms of a written .contract, made by an agent, shew explicitly that he is an agent, and that he means to bind his principal and not himself, that construction will be adopted, however inartificial the instrument-may be; but if the terms are not thus explicit, although it may appear that the party is an agent, he will be deemed to have1 contracted in his personal capacity.”
“In cases of unwritten contract, the question whether the agent is liable, or the principal, or both, is a matter of fact, generally left to the jury. To whom is the credit knowingly given, according to the understanding of both parties?” •
“ In general, where credit is given either to the agent or the principal, a presumption will arise that it is an exclusive credit. This doctrine applies "to cases where the agent is acting for a known principal, and the party dealing with the agent elects to credit one and not the other. But where the agent acts without disclosing that he is acting as an agent, or when acting as a known agent he does not disclose the name of his principal, although credit is given to the agent, it is not deemed to be an exclusive credit; on the contrary, when the princi-js ¿hSCovered. he also will be deemed responsible as well as the agent.”
In the case before us, if we regard the advertisement as an instrument which contains the terms of the contract that was made by the proposal of the plaintiff and the acceptance of it by the defendants, the intention of the defendants to bind the Commissioners and not themselves personally, does not explicitly appear; and the bond seems to indicate a contrary intention in the transaction.
If’we regard the whole contract as unwritten, the matter should have been left to the jury, with instructions that they should judge from all the circumstances to whom the plaintiff, at the making of the contract, ought to have been understood to give credit.
In this view the whole Court concurs; and as this decides the case, and there is some difference of.opinion upon the question made by the second ground of appeal, no further opinion is expressed.
A new trial is ordered.
Richardson, O’Neali. and Frost, JJ. concurred.
Motion granted.